MASSIE *v.* WASHINGTON FIDELITY NAT. INS. CO.

(Division B. March 18, 1929.)

[121 So. 125. No. 27779.]

*Frank E. Everett,* for appellant.

*Chapman, Moody & Johnson,* for appellee.

ANDERSON, J. Appellant brought this action in the court of a justice of the peace of Sunflower county against appellee on a combination sick benefit and accident policy theretofore issued to him by the appellee to recover one hundred fifty dollars. There was a trial in the justice of the peace court resulting in a judgment·in

appellee's favor. From that judgment appellant appealed to the circuit court of Sunflower county, where there was a trial *de novo,* and a directed verdict and judgment for the appellee. From that judgment, the appellant prosecutes this appeal.

The question is whether the court erred in directing a verdict for the appellee; and that question is solvable by a consideration of whether, taking the facts as established which the evidence for appellant proved or tended to prove, there was an issue of fact for the jury to determine.

The policy sued on was dated July 11, 1927. The appellant was taken ill on August 9, 1927, and, therefore, within less than thirty days from the date of the policy. He sued for sick and hospital benefits under stipulations H and K in the policy, covering a period of two and one-half months, the illness, as stated, having begun within thirty days after the date of the policy and continued during two and one-half months thereafter. There was pasted to the policy a rider. We quote below stipulations H and K, and the rider, in the order stated:

" (H) At the rate of fifty and 00/100 dollars per month for the number of consecutive days, after the first week and not exceeding six months, that the Insured is necessarily, totally and continuously confined within the house and is under the care of and visited in the house at least once in each seven days by a legally qualified physician by reason of sickness or disease that is not venereal in character and is contracted and begins during the life of this policy and after thirty days from date hereof."

" (K) The indemnity otherwise payable under Paragraphs A and H hereof shall be doubled for such time, not exceeding two months, as the Insured is confined by reason of sickness or accident covered hereunder, in a regularly incorporated and licensed hospital the charges of which he personally is required to pay."

"In consideration of the payment of the premium of five and 25/100 per month the words 'after the first week' are hereby stricken from the illness indemnity clause of policy No. PC-9777 to which this rider is attached and made a part thereof, modifying said policy so as to provide indemnity for the first week's illness disability."

Appellant concedes that the policy does not cover sick and hospital benefits resulting from an illness beginning within thirty days from its date, but contends that, on account of what occurred between the parties, to be immediately stated, the appellee is estopped to take advantage of that stipulation of the policy. The facts relied on as constituting an estoppel are as follows: Appellant's illness began on August 9, 1927. He attempted to give the appellee notice of his illness the latter part of September, 1927, but the notice having been improperly addressed was not received by the appellee. The appellee did receive notice of appellant's illness on October 3, 1927, and received proofs of appellant's illness and claim therefor on blank forms furnished by the appellee on November 10, 1927. Appellant's position is that appellee, by furnishing appellant forms on which to make proofs, and receiving the proofs from appellant, waived the stipulation in the policy that it should not cover illness occurring within thirty days from its date, and, by reason thereof, appellee was estopped to take advantage of the stipulation. To sustain that contention, appellant relies upon *Home Ins. Co.* v. *Dobbins,* 81 Miss. 623, 33 So. 504; *Royal Ins. Co.* v. *Eggleston,* 19 Ala. App. 638, 99 So. 828; and *Fidelity-Phoenix Ins. Co.* v. *Redmond,* 144 Miss. 749, 111 So. 366. Those were all fire insurance cases. In the first two, the fire insurance companies claimed forfeitures of the policies because of violations of stipulations therein against additional insurance, and the court held in each of those cases that the insurance companies with full knowledge of the fact

of other insurance, had, by their acts and conduct, waived their right to declare the policies forfeited on that ground. In the third case, there was a condition in the policy that gasoline should not be used on the insured premises (gasoline being an increased hazard), and that a violation of the condition would authorize the insurance company to declare the policy forfeited. The court held that the insurance company, having knowledge of the presence of gasoline on the insured premises without canceling the policy, in connection with the further fact that after the fire loss there were negotiations between the company, and the insured looking to a settlement of the loss, waived the forfeiture provision of the policy. It seems that each of those cases is easily distinguishable from the present case. In each of them the contract of insurance covered the property lost. In other words, the property lost was, by the plain provisions of the policies, insured against loss by fire, while, in the case at bar, the insurance policy did not cover the sick and hospital benefits for which the appellant sued. They were entirely without the contract of insurance. The policy plainly stipulated that the appellee undertook alone to insure the appellant against illness beginning after thirty days from the date of the policy. If appellant's position be sound, it would mean that the court would have the right to make a contract for parties that they never made for themselves. Putting it differently, the policy in this case did not take effect as to any illness beginning within thirty days of its date. The appellee did not know whether the illness began within the thirty-day period or afterwards, until the notice of the illness and proofs came in. When notice of illness and proofs did come in, the appellee refused to pay appellant's claim, and was justified in so doing. We are unable to see any element of waiver in the case. To illustrate with a fire insurance case: A insures B's place of residence against loss by fire. B owns another piece of property, a store

building, which is destroyed by fire. Treating his policy of insurance as covering the loss of his store building, he calls on A to furnish him blanks for proof of loss, which is done. B fills out the proofs showing loss by fire of his store building, not his residence which his policy covers. A discovers this when the proofs come in and refuses to pay the loss, on the ground that the policy did not cover the store building. Could the parties, by any sort of negotiations that might take place, other than a contract based on a valuable consideration, make the contract of insurance on the residence cover loss on the store building? We think not. If A should agree to pay B the loss on the store building, would it be a binding contract? Could it be enforced in the courts unless there was a new consideration passing between the parties? We think not. The case illustrated is more like the present case, it seems, than the cases cited and relied on by appellant.

*Affirmed.*