MARYLAND CASUALTY CO. *v.* ADAMS.

(Division A. Jan. 5, 1931.)

[131 So. 544. No. 28841.]

E. C. Sharp and Watkins, Watkins & Eager, all of Jackson, for appellant.

**J. A. Cunningham,** of Booneville, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellee, Curtis E. Adams, instituted this suit by an attachment in the chancery court of Prentiss county against the Maryland Casualty Company, appellant, seeking to recover on a public indemnity insurance contract, and from a decree overruling a demurrer to the bill of complaint, this appeal was prosecuted for the purpose of settling the principles of law involved.

The bill of complaint alleged that on or about the 16th of May, 1929, one F. A. Falls approached the general agent of the appellant company at Amory, Mississippi, and informed him "that he desired to obtain a policy which would protect him against accidents on his outfit, a new three-fourths ton International truck and trailer," and, at the same time, handed to the said agent "the privilege licenses just obtained on his car and truck;" that the said agent asked the said Falls what he was going to haul, and was informed that "he was going to haul logs and lumber;" that the agent then informed Falls that the premium for such policy was twenty-two dollars and twenty cents, which was paid; that the said agent then drew up the policy, "which he did not read to the said Falls, and which the said Falls on account of his illiteracy was unable to read, and which policy said agent fraudulently gave him no opportunity to read, but handed the policy to him, fraudulently saying: "This is what you want, and this will protect you against dam-

age to third persons on account of injuries that may accrue in the operation of this outfit."

The bill of complaint further alleged that the said Falls began to operate this "truck and trailer" in and over the roads and streets of Amory, Mississippi, and Prentiss county, Mississippi, which fact was known to the said agent of the appellant company; and while hauling and conveying lumber and timber with said truck and trailer on a certain highway in Lee county, Mississippi, on the evening of September 9, 1929, the driver of the truck, who was the agent of the said F. A. Falls, so negligently operated said truck with the trailer attached as that his truck, the bumper, and front wheels, struck the rear end of a Ford automobile which the appellee, Adams, was attempting to crank, and thereby caused serious personal injuries to the said Adams; that a few days thereafter the said Adams filed a suit in the circuit court of Lee county against the said F. A. Falls, a copy of the declaration being attached as an exhibit to the bill of complaint; and that the trial of the cause resulted in a verdict and judgment in favor of the appellee, Adams, and against the said Falls for the sum of two thousand five hundred dollars.

The bill of complaint further alleged that the said Falls had no property subject to execution, and that by the terms of the policy issued by the appellant, not only was the said Falls protected against damage and judgments on account of injuries to third persons, but the appellee was entitled to maintain an action thereon to recover on the judgment against the said Falls and to require the appellant to pay and satisfy such judgment. It was further averred that upon the happening of the injuries to the appellee, the said Falls was informed by the agent of the appellant company, by letter, that it was not liable under the terms and conditions of the policy, because by the express terms of the policy it was provided that "no automobile covered hereby is or will be

used for towing or for propelling any trailer, or any vehicle used as a trailer."

The bill then charged that: "In so much as the said general agent knew that the policy was called for, paid for, issued and delivered to protect him (Falls) against damages for injuries to third persons in the operation of his truck and trailer, and that said truck was to be used for the further purpose prohibited by said clause in said policy, that the said defendant company thereby waived said clause and is estopped to set the same up or to set up any of the other warranty clauses in said policy to exculpate itself from this said liability for the reason that they did not inform the said insured of any such clauses in said policy, . . . and said policy was issued and delivered to him as aforesaid without giving him an opportunity to read it, and upon the assurance to him by the said agent that it would protect him against loss and damage growing out of any accident or injuries to third persons whatever, and that because of said assurances on the part of said agent and because of his inability to read such policy, the assured was never informed of the aforesaid warranty clause, or, in fact, any other warranty clause in said policy, and the fact that the same was towing a trailer makes no difference whatever as to the liability of the said defendant to said Falls, and to complainant." It was further charged that the said Falls did everything required of him by the terms and conditions of the policy to give the appellant due and proper notice; that it was notified and requested to appear and make defense of the suit filed against him by the appellee; that the appellant sent its agent upon the grounds to investigate the injuries complained of, but failed and refused to render said Falls any assistance whatever in the defense of such suit, or to reimburse him in any way on account of his liability for such injury. The bill prayed for the issuance of writs of attachment, and for a decree against the appellant for the sum of two thousand five hundred dollars.

The policy of insurance, which was filed as an exhibit to the bill of complaint, provided certain indemnity to the assured for legal liability for injuries or death, and damage to property of others, resulting from the operation of a vehicle described as ''International three-fourths ton truck, 1929 model, Motor No. 187484,'' in consideration of a stated premium, and expressly provided that the coverage was ''as respects accidents . . . caused by or resulting from the ownership, maintenance or operation by the named assured of the automobiles listed'' therein. Under the heading in the policy of ''Automobiles covered thereby, the premium charged thereon, and other statements upon the basis of which the policy is issued,'' there is found, among others, a provision that ''no automobile covered hereby is, or will be used for towing or propelling any trailer or any vehicle used as a trailer.'' Under the heading ''Insurance Agreements,'' the assured is protected ''against loss from liability imposed by law upon him for damages on account of bodily injuries, including death resulting therefrom, accidentally suffered by any person or persons, caused by or through the ownership, maintenance or operation of any automobile described in the 'statements,' or used for the purposes named therein,'' and also against legal liability for property damage caused by the operation ''of any automobile described in the 'statements' and used for the purposes therein,'' By the terms of paragraph 5 of the policy contract, it is provided that: ''This policy does not cover . . . (4) while the said automobile or automobiles are (a) being used for purposes other than those specified in the statements . . . or (d) being used for towing or propelling any trailer or any vehicle used as a trailer (incidental assistance to a stranded automobile on the road permitted), unless privilege for such use is specified in the statements and/or unless such trailer is listed in the 'statements;' nor in any event unless proper premium for such privilege is in the 'statements' set forth.''

By paragraph 4 of the policy, it is provided that:

"The solvency or bankruptcy of the assured shall not release the Company from the payment of damages for injuries or death sustained or loss occasioned within the provisions of this Policy; and the prepayment of any judgment that may be recovered against the assured upon any claim covered by this policy is not a condition precedent to any right of action against the Company upon this policy, but the company is bound to the extent of its liability under this policy to pay and satisfy such judgment, and an action may be maintained upon such judgment by the injured person, or his or her heirs or personal representatives, as the case may be, to enforce the liability of the Company as in this policy set forth and limited."

The demurrer to the bill of complaint assigned as the grounds thereof: First, that the bill stated no cause of action; and, second, that it shows upon its face that the complainant has no cause of action, either at law or in equity, against the defendant. In overruling this demurrer, the court rendered a written opinion holding that under the facts charged in the bill, there was a waiver of the provisions of the policy forbidding the use of a trailer in connection with the truck covered by and described in the policy.

The contract of insurance here sued on particularly described the motor vehicle covered thereby, and contained the express condition that no automobile covered thereby should be used for towing or propelling any trailer or any vehicle used as a trailer, and expressly provided that the policy of insurance did not cover the automobile therein described while being used for towing or propelling any trailer or any vehicle used as a trailer, and by means of an asserted waiver it is now attempted to write a new contract between the parties and extend the indemnity of the contract to cover a vehicle not covered by the original contract. There is not here involved merely a forfeiture condition or provision of the

policy contract, which it is sought to avoid by reason of the acts of an agent of the insurance company constituting a waiver thereof, but it here sought to make, by waiver, a contract for the parties which they never made themselves, and by waiver to extend the contract to cover vehicles not covered thereby, and which the insurance company expressly refused to insure, and this result cannot be accomplished by means of any alleged waiver growing out of the acts of the agent of the company. Massie v. Washington Fidelity National Insurance Co., 153 Miss. 436, 121 So. 125.

It is true that the bill of complaint alleges that on account of his illiteracy the assured was unable to read the policy, and that appellant's agent fraudulently gave him no opportunity to read it; but other averments of the bill clearly negative the latter allegation and show that the assured had every opportunity to read the policy, or have it read to him. It is averred that the policy was delivered to the assured when it was prepared, and that the injury to the appellee occurred about four months thereafter, during which intervening period the assured had every opportunity to read or have read to him the policy; and as said in Mixon v. Sovereign Camp, W. O. W., 155 Miss. 841, 125 So. 413, 415, "of course the suggestion of illiteracy cannot prevail, for the manifest reason that there cannot be two separate departments in the law of contracts, one for the educated and another for those who are not. Certainly the laws on insurance could never be administered on any such basis."

The appellee next contends that the demurrer was properly overruled, for the reason that there is nothing in the declaration to show, or from which it might be inferred, that the fact that the truck was pulling a trailer contributed proximately to the injuries of the appellee, and in support of this contention relies upon the case of Hossley v. Union Indemnity Co., 137 Miss. 537, 102 So. 561, wherein it was held that an indemnity insurance com-

pany cannot escape liability by reason of a violation of terms or conditions of a policy where there is no causal connection between such violation and the injuries complained of. While it is true, as stated by counsel for the appellee, that the averment of the bill of complaint is that the bumper and front wheels of the truck struck the automobile which the appellee was attempting to crank at the time of the injury, it is also true that it is alleged that the truck and trailer were engaged in "hauling and conveying" lumber and timber at the time the appellee's automobile was struck, and that "the agent of the said Falls so negligently operated the truck with the trailer attached" as to strike the rear end of the Ford automobile, thereby seriously injuring the appellee. It is a matter of common knowledge that a truck with a trailer attached will carry a much greater and heavier load of lumber and timber, and is much heavier and more difficult to operate on a highway, than a truck without the burden and additional load of a trailer, and we do not think the alleged fact that the front end of the truck struck the automobile in question can be held to negative the other facts charged, which show the causal connection between the accident and the use of a combined truck and trailer heavily loaded with lumber and timber. The judgment of the court below will therefore be reversed, the demurrer sustained, and the cause remanded.

Reversed and remanded.