# Bibb *v.* Snodgrass.

*Bill to Enforce Vendor's Lien.*

1. *Payment by check; burden of proof.*—A check drawn by a debtor on a bank is presumptively received by the creditor, not as a payment

on the debt, but as a convenient means of getting the money, and the burden is on the debtor to overcome this presumption. And where land was sold for an agreed price in cash, and part payment was made by a certificate of deposit, which, with accrued interest, would in effect, bring interest at the rate of eight per cent. until paid, and the balance by a check drawn against a fund not collectible in sixty days, drawing only six per cent. interest, these last circumstances being unknown to the vendor, are strongly persuasive that the check was not taken in absolute payment of the debt.

APPEAL from the City Court of Montgomery.
Heard before Hon. T. M. ARRINGTON.
Bill in equity by R. B. Snodgrass against Susie P. Bibb to enforce a vendor's lien on land.

E. P. MORRISSETT, and ROQUEMORE & WHITE, for appellant, cited *Keel v. Larkin*, 72 Ala. 493; *Day v. Thompson*, 65 Ala. 269; 37 Am. Dec., 441; 85 *Ib.*, 338; 75 *Ib.*, 756; *Whitley v. Dunham · Lumber Co.*, 89 Ala. 493; *Lowrey v. Murrell*, 2 Port., 280.

JOHN M. CHILTON, for appellee, contended that in the absence of an agreement, a check was only a conditional payment, citing 2 Benj., § 1083; *Ib.* p. 944; 2 Dan. Neg. Inst., § 1063; *McWilliams v. Phillips*, 71 Ala. 82; 9 L. R. A. 263; 7 *Ib.*, 442; 3 Am. & Eng. Ency., 213; *Bank v. Miller*, 77 Ala. 168; *Bank v. Willard*, 10 Wall., 156.

McCLELLAN, J.—The only question in this case is one of fact, namely, whether complainant received the check of respondent for $2,000, on Moses Bros. in payment *pro tanto* of the purchase money for the house and lot described in the bill, or merely as a means of payment through its presentation to said Moses Bros. for that purpose. It is conceded that the sale was a cash transaction. It is not controverted that the vendor has never received in cash $2,000 of the price agreed to be paid. Dr. Bibb, the husband of the respondent and who, as her agent, made the purchase, testifies that this check was to be received in absolute payment of the sum evidenced by it. The complainant on the other hand, with equal emphasis, testifies that the check itself was not to be and was not in fact received as payment but only as a means of getting the money, which alone was to constitute payment, out of the bank where it was deposited. There is nothing in the record to impugn the credibility of either witness. On the main issue therefore the case stands in equipoise. The *prima facie* presumption of law is that the check was not taken in payment.—*McWilliams v. Phillips*, 71

Ala. 80; *Lehman v. McQueen*, 65 Ala. 570; *Whitley & Trimble v. Dunham Lumber Co.*, 89 Ala. 493; and therefore confessedly the burden was on the respondent to overcome this presumption and affirmatively show the contrary in this instance, failing in which, of course, the presumption goes to complainant's side of the scales and destroys the equipoise in his favor, thus entitling him to the relief prayed in the bill, and which the City Court granted. The attempt is made to discharge the burden resting on respondent by reference to the circumstances attendant upon the transaction, or rather these circumstances are relied on in argument as showing affirmatively that the check was taken in absolute payment in part of the purchase money. It is admitted that complainant took a certificate of deposit with the Capital City Insurance Co. in payment of $5,000.00 of the $7,000.00 he was to receive for the property. This deposit, it seems, was for a definite period of time and bore interest at 6 per cent. There was evidence that the deposit with Moses Bros. also bore interest at that rate, and could not be drawn out except after sixty days notice. So that the two deposits were very alike as respects the conditions and times upon and at which they could be withdrawn. Moses Bros. and the Insurance Company were regarded by the parties to this transaction as equally solvent. On these facts it is insisted that inasmuch as complainant accepted the certificate of deposit in the insurance company in absolute payment it is a reasonable inference that he also accepted the check on Moses Bros. in absolute payment, since, it is said, there was no apparent reason for so accepting the one which would not also apply to the other. These considerations are deprived of whatever probative force they might otherwise have had, however, by that tendency of the evidence, equally as strong as the contrary one, that complainant did not know that the deposit with Moses Bros. was at interest and could not be withdrawn except upon and after sixty days notice, in connection with the further undisputed facts that while complainant was most careful to insist that the interest which had accrued and was to accrue on the insurance company deposit at the 6 per cent. rate would amount to interest thereon at 8 per cent. from the time he received the certificate as cash to the time when the period of deposit expired, thus being the equivalent of cash at the date of the transaction, nothing whatever was said looking to complainant's receiving 8 per cent. on the Moses Bros. deposit for the two months it was to remain there at 6 per cent. Confessedly the sale was for cash. The complainant it appears refused to take

the certificate of deposit until it had been demonstrated to him that the interest which had already accrued added to that which would accrue from the time of the sale to the time when the deposit could be withdrawn would be equal to 8 per cent. for the intervening period, and the fact that nothing of this sort occurred with reference to the Moses Bros. deposit goes, in our opinion, to show that complainant did not know that the check therefor might not, at the option of said firm, be paid until sixty days after presentation, and to corroborate his testimony to the effect that he took the check merely as a convenient means of getting the money, and upon the assumption that it would be immediately paid.   And on the other hand if complainant did know that Moses Bros. had the right to delay payment for two months meantime paying interest at 6 per cent., it is unreasonable and improbable to suppose that he would have accepted it in absolute payment without being assured, as with the insurance company deposit that he would at the end of that time receive the $2,000 with interest at 8 per cent.   There is no suggestion in the record that any interest at all had already accrued on this deposit, and certainly it can not be said that the complainant preferred the check to cash on account of the deposit drawing 6 per cent. interest when it clearly appears from the evidence as to the other deposit that he did not regard a deposit at that rate payable in the future as equal to money presently paid.

We do not think there is any thing in the circumstances of the case therefore which even tends to rebut the presumption that this check was not taken in payment and satisfaction of the $2,000 now sought to be collected by a sale of the property, and the decree to the end must be affirmed.

Affirmed.