[No. 15983.    Department One.—December 23, 1895.]

## CHARLOTTE NORTHEY, APPELLANT, *v.* BANKERS' LIFE ASSOCIATION, RESPONDENT.

LIFE INSURANCE—MATURITY OF ASSESSMENT—CONSTRUCTION OF POLICY.—The language of a policy of life insurance is to be construed most strongly against the insurer; and a premium or assessment which is payable during a specified month is presumed to be payable upon the last day of the month, in the absence of anything more definite in the policy fixing the day or date of maturity of the obligation.

ID.—NOTICE OF ASSESSMENT—TIME OF PAYMENT.—A notice that an assessment must be paid during the month of April is, in effect, a notice that the insured would have to and including the last day of April in which to make the payment.

ID.—EFFECT OF HOLIDAY—DEATH UPON FOLLOWING DAY—NONPAYMENT OF ASSESSMENT—FORFEITURE.—Where the last day of the month upon which an assessment or premium is to fall due is a holiday, the assured has all of the first day of the following month in which to make the payment; and if the insured person dies on that day, the policy is not forfeited for nonpayment, under a provision that membership shall cease upon failure of the assured to make any payment due from him to the association at its maturity in specified months, and the amount of the policy may be recovered by the assured from the life association.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    J. M. SEAWELL, Judge.

The facts are stated in the opinion.

*Van Ness & Redman*, for Appellant.

Where a period of time is given for the performance of an act, and the last day of the period falls upon a holiday, the act may be performed upon the day following. (Code Civ. Proc., sec. 13; *Blackwood* v. *Cutting Packing Co.*, 71 Cal. 461; *Hibernia Sav. etc. Soc.* v. *O'Grady*, 47 Cal. 579; *Hammond* v. *American etc. Ins. Co.*, 10 Gray, 306; *Campbell* v. *International etc. Soc.*, 4 Bosw. 298; Bliss on Life Insurance, 2d ed., 317; Bacon on Benefit Societies, 550; *Sands* v. *Lyon*, 18 Conn. 18; *Mattison* v. *Marks*, 31 Mich. 421; 18 Am. Rep. 197; *Helmer* v. *Krolick*, 36 Mich. 371; 2 Am. & Eng. Ency. of Law, 396, notes.) Where the language of a policy may be understood in more senses than one, it is to be construed most strongly against the insurer, because he frames it, and is supposed to make it as potent as possible in his own favor. (Civ. Code, sec. 1654; *Rankin* v. *Amazon Ins. Co.*, 89 Cal. 209; 23 Am. St. Rep. 460; *Thompson* v. *Phenix Ins. Co.*, 136 U. S. 287; *Hoffman* v. *Ætna Ins. Co.*, 32 N. Y. 413; 88 Am. Dec. 337; *Livingston* v. *Stickles*, 7 Hill, 255; *Breadsted* v. *Farmers' etc. Co.*, 8 N. Y. 305; 59 Am. Dec. 482; *Catlin* v. *Springfield etc. Ins. Co.*, 1 Sumn. 440; *Weeks* v. *Hull*, 19 Conn. 381; 50 Am. Dec. 249.)

*Sheldon G. Kellogg*, for Respondent.

The time of payment in life insurance is material, and cannot be extended by the courts against the assent of the company. (*New York Life Ins. Co.* v. *Statham*, 93 U. S. 24; *Anderson* v. *St. Louis Life Ins. Co.*, 1 Fed. Cas. 846; 1 Flip. 559, and cases therein cited.) As the certificate requires the payment during the month of April, it could not be made on the first day of May. (*Brooklyn Oil Refinery* v. *Brown*, 38 How. Pr. 444.) The fact that the last day of April was Sunday makes no difference, as the number of secular days during April was the same as it would have been if the twenty-ninth day of April had been Sunday. (*Harrison* v. *Sager*, 27 Mich. 476.) This case is not one of a definite number of days, but of a period of time. The rule allowing the

act to be performed on Monday, when the last day falls on Sunday, does not apply in such cases. (*Johnson* v. *Meyers,* 54 Fed. Rep. 417; *Williams* v. *Lane,* 87 Wis. 152; *Haley* v. *Young,* 134 Mass. 364.)

BELCHER, C.—On July 29, 1892, a certificate of membership in the defendant corporation was issued to Frank T. Northey, providing that in the event of his death, during his membership, his wife, Charlotte Northey, who was named in the certificate as beneficiary, should receive the sum of two thousand dollars, and the return of a portion of the guarantee fund, amounting to thirty-one dollars.

The certificate also provided that "upon the failure of the above-named member to make any payment due from him to the association at its maturity, in January, April, July, or October, of each year, his guarantee deposit shall be forfeited, and his membership shall thereupon cease."

Certain payments became due from Northey to the association in the months of July and October, 1892, and January, 1893, and were made at their respective dates of maturity in said months. Upon or about April 1, 1893, Northey received from the defendant a written notice that an assessment of three dollars and ten cents had been levied against him, and that the said sum must be paid during the month of April, 1893. Upon April 28th Northey was shot, and mortally wounded, and upon May 1st he died. The last day of April fell upon a holiday, Sunday, and this last assessment was never paid.

Subsequent to the death of Northey the plaintiff, who was the payee named in the certificate, furnished the defendant due notice and proof of his death, and otherwise performed all the conditions of the certificate required of her, but the defendant refused to pay to her the said sum of two thousand and thirty-one dollars, or any part thereof.

Thereafter the plaintiff commenced this action, and,

in an amended complaint, set forth the facts as above. stated, and demanded judgment against the defendant for the sum of two thousand and thirty-one dollars, with interest and costs. The defendant demurred to the complaint upon the ground that it appeared therefrom that the assessment maturing and payable during the month of April, 1893, was not paid during said month, or at all, and that the nonpayment of the same at its maturity caused the membership of Northey in the association to cease before his death. The court sustained the demurrer and gave judgment for the defendant, from which the plaintiff appeals.

It will be observed that the only provision in the certificate as to the forfeiture of membership is that upon the failure of the assured " to make any payment due from him to the association *at its maturity* in January, April, July, or October, of each year," his membership shall cease. This in no way fixes the day or date of maturity. It might be the last or any other day of the month. And, as against the insurer, in the absence of anything more definite, it would be presumed to be the last day of the month, the general rule being that, " where the language of a policy may be understood in more senses than one, it is to be construed most strongly against the insurer, because he frames it, and is supposed to make it as potent as possible in his own favor." (*Rankin* v. *Amazon Ins. Co.*, 89 Cal. 209; 23 Am. St. Rep. 460; *Thompson* v. *Phenix Ins. Co.*, 136 U. S. 287; Civ. Code sec. 1654.)

It will also be observed that the notice of the assessment of three dollars and ten cents, which was not paid, was only that the said sum must be paid *during* the month of April, 1893. This was in effect a notice that the insured would have to and including the last day of April to make the payment.

Our codes provide: " Whenever any act of a secular nature, other than a work of necessity or mercy, is appointed by law or contract to be performed upon a particular day, which day falls upon a holiday, such act

may be performed upon the next business day with the same effect as if it had been performed upon the day appointed." (Code Civ. Proc., sec. 13; Civ. Code, sec. 11.)

In *Blackwood* v. *Cutting Packing Co.*, 71 Cal. 461, the time for the defendant to answer was extended by stipulation "to and to include February 17, 1884." On the 18th of February, no answer being filed, the default of the defendant was entered and judgment rendered in favor of the plaintiff. In due time the defendant moved to set aside the default and judgment upon the ground that the default was entered and the judgment rendered before the time to answer had expired. The seventeenth day of February fell upon Sunday, a holiday, and, on appeal from the order of the trial court denying the motion, it was held that under the stipulation and the provisions of the codes the defendant was entitled to answer at any time during the succeeding Monday.

In *Campbell* v. *International Life etc. Soc.*, 4 Bosw. 298, the assured held a policy which provided that it would not be in force "if the premiums remain unpaid beyond thirty days after becoming due." A premium became due on the 29th of May, and the policy holder was notified that unless the same should be paid " on or before thirty days from that date the policy will become void." The last day of the thirty days was Sunday, and the question was, Could the tender of the premium be made on the Monday following? It was held that it could, and that the policy was not forfeited because payment was not made within the thirty days.

In *Hammond* v. *American etc. Ins. Co.*, 10 Gray, 306, the assured held a policy which provided that the premiums should be paid quarterly in advance " on or before the day, at noon, on which the same shall become due and payable." A premium became due on October 1st, which was Sunday, and it was held that a tender on the day following was in time. The court said: " The day of payment was on this occasion the first day of October. That day, as it appears, fell on Sunday;

and, this being so, he was entitled to the ordinary privilege of discharging his obligation on the Monday following. The quarter yearly payment, it is true, in terms became payable on Sunday noon; but that day was not a day for secular business, and, therefore, legally speaking, Sunday was not the day 'at which the same became payable'; and so, by the very provision of the policy, properly construed, the quarterly premium was seasonably tendered on Monday."

In Bliss on Life Insurance, second edition, page 317, it is said: "If the last day for the payment of the premium, as fixed in the policy, occurs upon Sunday at noon, the premium is not payable till the following Monday, and the company is liable if the assured dies Sunday afternoon."

In *Sands* v. *Lyon*, 18 Conn. 18, the father of the defendant devised to him certain real property " on condition he do pay, in one year next after my decease, to each of my daughters . . . . one hundred dollars." The last day of the year, next after the death of the testator, fell on Sunday, and the court held that payment might be made on the following Monday, saying: " We think that the defendant had, by the terms of the devise, a full year allowed him for paying the money; and, therefore, that he was not bound to pay it on the Saturday preceding the day on which the year expired."

And in *Weeks* v. *Hull*, 19 Conn. 376, 50 Am. Dec. 249, the court, referring to *Sands* v. *Lyon*, *supra*, said that the case recognized a conservative principle, which ought to govern all other cases to which it is applicable, namely, "that the computation of time should be so made as to protect a right and prevent a forfeiture, if this can be done without violating a clear intention or a positive provision."

Without following the adjudicated cases further, it is enough, in our opinion, to say that, as Northey had to and including the last day of April to pay the assessment against him, and, as that day was Sunday, he was, under the law, as declared by the codes and the cases

cited, entitled to make the payment at any time during the ensuing Monday. It follows, therefore, that his certificate of membership was still in force at the time of his death, and that the court erred in sustaining the demurrer to the complaint.

The judgment should be reversed and the cause remanded, with directions to the court below to overrule the demurrer.

HAYNES, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded with directions to the court below to overrule the demurrer.

GAROUTTE, J., VAN FLEET, J., HARRISON, J.

Hearing in Bank denied.