(137 So. 292)

### GLENN v. CITY OF BIRMINGHAM.

#### 6 Div. 855.

Supreme Court of Alabama.

Oct. 29, 1931.

Chas. W. Greer, of Birmingham, for appellant.

Wilkinson, Burton & Wilkinson, of Birmingham, for appellee.

GARDNER, J.

The bill is by the city of Birmingham seeking cancellation, upon the theory of a rescission, of a deed to certain real estate therein described, executed by the city to the defendant Agnes Glenn upon a recited consideration of $442.22. The appeal is by defendant from a decree overruling her demurrer to the bill.

Appellant argues upon the assumption that fraud is an essential to the equity of the bill, as illustrated by the cases of Bullard Shoals Mining Co. v. Spencer, 208 Ala. 663, 95 So. 1; Davidson v. Brown, 215 Ala. 205, 110 So. 384. See, also, for other and different illustrations: Seaboard Air Line Rwy. Co. v. Anniston Mfg. Co., 186 Ala. 264, 65 So. 187; Sewell v. Walkley, 198 Ala. 152, 73 So. 422; Wynn v. Hoffman, 203 Ala. 72, 82 So. 32; Russell v. Carver, 208 Ala. 219, 94 So. 128; Johnson v. Chamblee, 202 Ala. 525, 81 So. 27; Piedmont Land & Improvement Co. v. Piedmont F. & M. Co., 96 Ala. 389, 11 So. 332.

But fraud is not essential to be shown, and we think the equity of the present bill may well be rested upon the equitable doctrine of cancellation for the mutual mistake of the parties.

The bill discloses that the money consideration for the execution and delivery of the deed was a check on the Bank of Ensley, which was not paid by reason of no fault of the city. The check was presumptively received, not as a payment, but "as a convenient means of getting the money" (Bibb v. Snodgrass, 97 Ala. 459, 11 So. 880; 30 Cyc. 1207), for, as universally held, a check, in the absence of an agreement to the contrary, is merely a conditional payment. Stanley v. Green, 205 Ala. 225, 87 So. 356; Steiner & Loebman v. Jeffries, 118 Ala. 573, 24 So. 37; Watts v. Cane, 114 Ala. 264, 21 So. 1011, 62 Am. St. Rep. 99; 5 Cyc. 541. The bill sufficiently discloses, therefore, that the parties intended a cash and not a credit transaction. As to personalty, it is a well-understood rule that, when goods are sold for cash on delivery, the payment and delivery are concurrent acts, and therefore the title to the property does not pass on delivery without the payment of the price which was agreed to be paid in cash. Drake v. Scott, 136 Ala. 261, 33 So. 873, 96 Am. St. Rep. 25; 24 R. C. L. 23.

By analogy, a like principle may bear some relation to the instant case. Here the parties clearly intended that the delivery of the deed and payment of the purchase price should be concurrent acts, and the check was understood by all parties as "a convenient means of getting the money." Subsequent events disclosed that in this the parties were mistaken, and, to require of the grantor to sue at law for the purchase price or by bill in equity for the enforcement of a vendor's lien, would run counter to the clear intention of the parties by converting a cash transaction into one on credit, thereby making for them a new contract. The insistence, therefore, that complainant has an adequate remedy by either of such proceedings, is without merit. The underlying equitable principle of mutual mistake forms the foundation of a bill of this character. "Cancellation or rescission is more common in instances where there is a formal assent, but a mistake, shared by both parties to the contract, as to some fundamental matter forming the inducement to the contract. * * * It is * * * freely and frequently granted where there is a mistake of both parties as to a collateral matter which consti-

tutes the very basis of the contract, and the inducement to its formation." Vol. 5, Pomeroy's Eq. Jur. § 2106. "Whenever land has been conveyed or contracted to be conveyed, through mistake, the adequate remedy of the grantor or vendor would generally require the equitable relief of a cancellation." Vol. 2, Pomeroy's Eq. Jur. § 869. "To correct or cancel deeds on the ground of mistake, when the mistake is clearly shown, is one of the familiar duties of a court of equity. * * *. Equity will grant relief on the ground of mistake, not only when the mistake is expressly proved, but also when it is implied from the nature of the transaction. And it is not essential that either party should have been guilty of fraud." 9 Corpus Juris, 1166, 1167.

The parties clearly understood that the consummation of their agreement represented a sale for cash, the check being used as a convenient medium of exchange. It was a conditional payment only, and subsequent events disclosed it failed of its purpose without fault of either party. As to this collateral matter which constituted the very basis of the contract the parties were mutually mistaken. The general equity of the bill is therefore well sustained upon the equitable principles herein stated.

But the bill is defective and subject to the fourth assignment of the demurrer for a failure to restore or offer to restore the check which the city received. While the bill charges that the Bank of Ensley closed its doors and was in process of liquidation by the banking department, yet it does not aver that the cashier's check held by the city is worthless, and no offer is made to restore the same to defendant. The rules of equity so require. Harris v. Nichols (Ala. Sup.) 134 So. 798;[1] King v. Livingston Mfg. Co., 192 Ala. 269, 68 So. 897; 2 Ency. Dig. Ala. Reports 605; 39 Cyc. 1378; Vol. 5, Pom Eq. Jur. § 2110. This assignment of demurrer was therefore well taken, and should have been sustained.

For the error indicated, the decree will be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

