159 So. 260

## WILDER MERCANTILE CO. v. LE MAISTRE GINNING CO.

### 4 Div. 44.

Court of Appeals of Alabama.
Oct. 30, 1934.

Rehearing Denied Dec. 18, 1934.

Powell, Albritton & Albritton, of Andalusia, for appellant.

E. O. Baldwin, of Andalusia, for appellee.

RICE, Judge.

This case was tried upon the following agreed statement of facts:

"On September 28, 1932, Wilder Mercantile Company issued a check for one hundred thirty one dollars and ninety cents ($131.90), payable to the LeMaistre Ginning Company for ginning, storage and insurance on thirty-six (36) bales of cotton, which said check was drawn on the Andalusia National Bank of Andalusia, Alabama. The check was sent by Wilder Mercantile Company to the LeMaistre Ginning Company by R. E. Palmer on the 28th of September, 1932, and delivered to the LeMaistre Ginning Company in the early morning of September 29, 1932, and which check was deposited by LeMaistre Ginning Company for collection in The Bank of Florala, Florala, Alabama, and was deposited by LeMaistre Ginning Company on the morning of September 29, 1932, and a deposit ticket for said check was issued by said The Bank of Florala to LeMaistre Ginning Company. Said check was by The Bank of

Florala, forwarded on said date of September 29, 1932 to the Citizens & Southern National Bank of Atlanta, Georgia, its correspondent; and which check reached the Citizens & Southern National Bank of Atlanta, Georgia on September 30, 1932. The Citizens & Southern National Bank forwarded said check for collection to the Federal Reserve Bank of Atlanta, Georgia on September 30, 1932, who, in return, routed the check to the drawee bank, the said Andalusia National Bank, Andalusia, Alabama, on the same day, and which check reached Andalusia on Saturday, October 1, 1932. On Monday, October 3, 1932 said check was marked paid, charged to the account of Wilder Mercantile Company, and remittance by exchange on the Federal Reserve Bank of Atlanta, sent by the Andalusia National Bank in payment of said check, to the Federal Reserve Bank of Atlanta; and before that exchange cleared or was paid, The Andalusia National Bank was closed and placed in the hands of a Receiver,—said bank having failed to open on the morning of October 4, 1932.

"The Andalusia National Bank was open for business all during banking hours on October 3, 1932, and prior thereto, receiving deposits, and paying all checks.

"It was the custom of the Federal Reserve Bank of Atlanta to accept exchange from the Andalusia National Bank in payments of items sent in for collection; and it is admitted that payment in currency of the check drawn by Wilder Mercantile Company, and which is the check hereinabove mentioned, was not required nor requested by the Federal Reserve Bank of Atlanta.

"It was the custom of the Bank of Florala to make collection of checks in the manner above stated, and that this check was handled according to the usual custom of the bank, and that Wilder Mercantile Company had no notice of such custom.

"It is further agreed that payment by Wilder Mercantile Company to the LeMaistre Ginning Company was never made in any manner other than the check in question.

"It is further agreed that at the time said exchange was remitted by the Andalusia National Bank, it had a credit with the Federal Reserve Bank sufficient to pay said exchange.

"It is further agreed that unless the check as above set forth constitutes payment, then the Plaintiff is to have judgment for the sum of one hundred thirty-one dollars and ninety cents ($131.90) with interest from September 28, 1932 to this date; but if the said check constitutes payment, then judgment is to be for the Defendant."

Judgment in the court below went in favor of appellee (plaintiff) against appellant (defendant) in a suit on the common counts.

■ There being no express agreement to the contrary, the check was merely a conditional payment of the account or obligation owing by appellant (drawer) to appellee (payee), presumptively received, not as payment, but as a convenient means of getting the money. Glenn v. Birmingham, 223 Ala. 501, 137 So. 292.

■ But there is a well-recognized rule of law that, in absence of agreement to the contrary, a check is collectible only in money. This rule results from legal interpretation of the contractual relations of the parties and is for the protection of the drawer. Marx & Co. v. Bankers' Credit Life Ins. Co., 224 Ala. 249, 260, 139 So. 421.

It has therefore been held that, where the payee of a check, or his agent, negligently or voluntarily accepts payment thereof in some depreciated security or anything else than money, when he could then and there have had cash, the effect is a payment as between the drawer and payee. Fed. Reserve Bank v. Malloy, 264 U. S. 160, 44 S. Ct. 296, 68 L. Ed. 617, 31 A. L. R. 1261.

■ Our Supreme Court in the Marx Case, supra, not only approves the rule of the Malloy Case, but goes further in fixing the responsibility of the payee and the bank acting as his agent. It was there held that, where the collecting bank, in sending the check to the drawee bank for collection, gave no direction as to the manner in which remittance should be made, it could assume, nothing to the contrary appearing, that remittance would be according to the legal method, that is, in currency. But, the court further holds, if there was a custom between the forwarding bank and drawee bank for remittance to be made in exchange, the forwarding bank should have anticipated that method of remittance and have demanded currency, in order that remittance in exchange should not constitute a payment in the absence of its acceptance otherwise.

This pronouncement of the Supreme Court is decisive in the case before us. Here the agreed facts recite a custom between the Federal Reserve Bank of Atlanta, the forwarding bank, and the Andalusia National Bank, drawee, for remittances to be made in exchange, and recites further that the forwarding bank gave no direction to the drawee as

to the method of remittance. Acceptance of the exchange under the circumstances constituted a payment of the check. In the Marx Case we note that the existence vel non of such a custom between the banks, and knowledge of such custom on the part of the drawer of the check sufficient to constitute an approval by him, were matters left to determination by proof on a retrial. Here both the custom and absence of notice thereof on the part of the drawer are admitted.

In Wadsworth v. State, 225 Ala. 118, 142 So. 529, the facts were quite similar to the facts in the case now before us. The court in the Wadsworth Case again recognized and approved the rule of the Malloy Case, but failed to apply the rule solely for the reason that the payee was a state or other governmental agency.

The case of National Surety Co. v. First National Bank of Wetumpka, 224 Ala. 423, 140 So. 544, relied upon by appellee, is, we think, distinguishable from the Marx and Wadsworth Cases. In National Surety Co. v. First National Bank of Wetumpka, supra, the drawee bank remitted by check on the Federal Reserve Bank, which was dishonored, the forwarding bank refusing to accept such check. There was, apparently, no question of custom involved in that case. No reference is made to the matter of demand as to the medium of remittance. We also note that there the remittance was by check upon the forwarding bank, and that the drawee bank had in the forwarding bank insufficient funds to cover its remittance check; whereas here the agreed facts recite that the drawee (Andalusia National Bank) had to its credit in the forwarding bank (Federal Reserve Bank) funds to its credit sufficient to cover its remittance check.

Appellee reproduces in brief what purports to be a regulation promulgated by the Federal Reserve Board by which those employing the Federal Reserve Banks as forwarding or collecting agencies are required to authorize such banks to accept remittances by exchange and to save them harmless against loss on account of such acceptance. Conceding, without deciding, that the courts may take notice of such regulations without the formality of introducing them into the case by appropriate pleading or proof, the regulation can avail appellee nothing. Its purpose and effect is to protect the Federal Reserve Banks from consequences which, without them, would result by implication of law. It could have no effect upon the legal rights existing between the drawer and payee of a check. If it deprived the payee of a right of action against the Federal Reserve Bank in consequence of loss resulting from the acceptance of exchange by the bank, this is a matter with which the drawer of the check is not concerned. The payee will be held to have voluntarily chosen, through the conduct of intervening banks and his own failure to demand currency, this agency and this course of conduct.

The facts in this case, as we have noted before, are similar to those in both the Marx and Wadsworth Cases, supra. In each of these cases the Supreme Court points out that section 6381 of the Code 1923 was not applicable to the facts. We must perforce hold the statute inapplicable here.

It results that the judgment of the circuit court must be reversed, and a judgment here rendered for the appellant, defendant below. It is so ordered. Bassett et al. v. Powell et al., 178 Ala. 340, 60 So. 88.

Reversed and rendered.