WILLIAM K. MAUCK, for the use of ABRAHAM L. HELMICK, Assignee, *vs.* THE MERCHANTS AND MANUFACTURERS FIRE INSURANCE COMPANY, a corporation of the State of Delaware.

*Insurance—Fire—Policy—Assignment of Policy—Proof of Loss; Requisites of—Payment of Premium to Agent of Agent— Waiver of Payment—Contract of Insurance; Ratification of—Payment of Premium Inferred from Facts and Circumstances—Payment by Note—Note Discounted by Agent—Evidence.*

1. An insurance policy required that the preliminary proof of loss should state "the interest of the insured and all others in the property." The plaintiff, by a deed of assignment executed after the loss occurred, transferred his interest in the policy to another. *Held* that the provision of the policy had no application to the interest which by said deed the assignee may have acquired in the policy, or in the debt which might be due thereunder from the company to the plaintiff.

2. If the person who delivered the policy and received the premium was the agent or servant of the company, or the servant or agent of the recognized agents of the company, and the insured paid the premium to the person receiving it as such servant or agent, then such payment was in effect a payment to such company.

3. Payment of the premium is necessary to give validity to the policy unless such payment is duly waived.

4. If the premium was paid to one who by the terms of the policy was not authorized to receive it, and the Company or its authorized agent afterwards received it, it would be a sufficient payment. And if the company or its authorized agent, never in fact received such payment, and the company, after the delivery of the policy and before the fire, without objection or qualification, treated the policy as a contract binding upon it, this would be equivalent to an adoption or ratification of the contract.

5. If the company, after the delivery of the policy and until the fire, fails to repudiate the contract of insurance as invalid for non-payment of the premium, the jury may infer, upon a suit on the policy, that the company or its agent, had in fact received the premium, or waived the payment of the same, unless there be satisfactory proof to the contrary.

6. If an insurance company makes a policy, complete in form, and sends it out for delivery to the insured, and after such delivery and before a loss by fire, treats the

policy as a valid and binding contract, these are facts from which may be inferred, in the absence of satisfactory proof to the contrary, the payment of the premium to the company, or to its agent, or a waiver of such payment.

7. As a general rule, the payment of a debt by a note, if accepted as such, is a good payment, and this is so even though the authorized agent of the company discounts the note on his own account and does not pay the amount to the principal.

*(May 8, 1903.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Robert H. Van Dyke* for plaintiff.

*George M. Jones* and *William M. Hope* for defendant.

Superior Court, Kent County, April Term, 1903.

SUMMONS CASE (No. 55, April Term, 1902.)

Facts appear in the charge of the Court.

## PLAINTIFF'S PRAYERS.

The plaintiff prayed the Court to instruct the jury as follows:

1. That if the jury believe from the proof that the policy of insurance in this case was delivered unconditionally to the plaintiff by the agent of the company, and that he received in settlement of premium therein specified a negotiable promissory note, payable at some future date, such a settlement of the premium was sufficient in law to make the policy valid and binding on the defendant company; and if the loss occurred before the maturity of said note, the defendant cannot object on the ground of a failure to pay the premium.

2. That the sufficiency of the preliminary proof is a question for the Court.

3. That the requirements of the policy as to preliminary proofs of loss have been substantially and sufficiently complied with.

4. That if the jury find a verdict for the plaintiff it should be for the value of the property destroyed, not exceeding one thousand dollars, with interest thereon from a date ninety days after the delivery of the proof of loss to the defendant company.

### DEFENDANT'S PRAYERS.

The defendant prayed the Court to instruct the jury, *inter alia,* as follows :

1. The insurance policy declared on was by its terms void and of no effect until the premium in said policy mentioned should be paid, which premium was never paid.

2. That the plaintiff must prove that a proof of loss conforming in all particulars with lines 72 to 121, inclusive, of said policy was duly filed with or rendered to the defendant company within thirty days after the occurrence of the fire.

3. That in order for the plaintiff to recover he must have paid the premium mentioned in the said policy of insurance to the defendant company or its duly authorized agent.

4. That no person could have been the agent duly authorized of the defendant company unless so authorized in writing and unless he shall have countersigned the insurance policy in question.

SPRUANCE, J., charging the jury :

Gentlemen of the jury :—This is an action brought by William K. Mauck, for the use of Abraham L. Helmick, against the Merchants and Manufacturers Fire Insurance Company, a cor-

poration of this State, upon a policy of the defendant company, dated October 19, 1901, purporting to insure against loss or damage by fire, for the term of one year thereafter, the household furniture and sundry other personal property in a certain hotel building situate in Thomas, West Virginia, to an amount not exceeding $900 and the stock, supplies and fixtures in the restaurant in the same building to an amount not exceeding $100. There is evidence before you to the effect that one Robert Hironimus, representing himself to be the agent of the defendant company, solicited the plaintiff to insure said property in said company, and upon the plaintiff objecting that he was not then prepared to pay the money for the premium, it was agreed that he should give his bankable note for the same, amounting to $35.00, to the order of the said Hironimus, payable in thirty days; that thereupon said note was made and delivered to the said Hironimus with the written application for insurance, drawn by the said Hironimus; that a few days thereafter the said Hironimus sent to the plaintiff the policy of insurance sued upon; that afterwards, on the night of November 11, 1901, all of the said insured property was totally destroyed by fire; that a few days thereafter, and before said note became due, the plaintiff offered to pay the amount of the same to the said Hironimus, but that he declined to receive the same, saying that it could be deducted from the amount which the company owed the plaintiff for the loss; that said note has never been paid by, or presented for payment to the plaintiff; and that he does not know who held the note at its maturity or since.

It is conceded that the preliminary proof of loss in evidence before you, dated December 4, 1901, was received by the defendant company within the time required by the policy.

The only objection made to its sufficiency is that it does not conform to the requirement of the policy that the preliminary proof of loss shall state " the interest of the insured and all others in the property," in this, that it does not state the interest of Abraham L. Helmick under a certain deed of assignment executed by the

plaintiff to the said Helmick, dated November 18, 1901, which is in evidence.

Whatever may have passed to the said Helmick under the said deed, it is clear that no interest so passed to him in the insured property which had been destroyed before the execution of said deed, and said recited provision of the policy has no application to the interest which by said deed the said Helmick may have acquired in said policy, or in the debt which may be due thereunder from the defendant company to the plaintiff.

The defendant company insists that the policy was void until the payment of the premium; that said premium was never paid; that such payment could have been made only to the defendant company, or its duly authorized agent; that no such payment could have been made to an agent, unless such agent was so authorized by the defendant company in writing, and unless such agent countersigned the policy sued upon; and that C. A. Vananden & Co., who countersigned this policy as agents, were the only agents authorized to receive such premium.

In support of this contention the defendant relies upon the following provisions of the policy: " In any matter relating to this insurance, no person, unless duly authorized in writing and who shall have countersigned this policy, shall be deemed the agent of this company; and the assured agrees with this company, by the acceptance hereof, that this company shall not be bound by the acts of any other person. Any other person shall be deemed to be the agent of the insured, and the payment of the premium to any such person shall be at the sole risk of the insured and shall not be deemed a payment to the company, and by the acceptance hereof the assured agrees that this company shall not be liable for any loss or damage by fire or other risk or casualty herein mentioned, until the assured shall have paid the premium hereinbefore mentioned in full to the company or its duly authorized agent, whose name is subscribed hereto; and until such premium is so paid this policy shall remain wholly void and of no effect."

22

If you find from the evidence that Hironimus was the servant or the agent of the said C. A. Vananden & Co., or of the defendant company, for effecting the insurance and collecting the premium, and that the plaintiff paid the premium to said Hironimus as such agent, then such payment was in effect a payment to the said C. A. Vananden & Co., or the defendant company, and was as valid as if made directly to the said C. A. Vananden & Co., or to the defendant company.

Payment of the premium was necessary to give validity to the policy unless such payment was duly waived.

If you find from the evidence that the defendant company, after the delivery of the policy to the plaintiff and until the fire, failed to repudiate the contract of insurance as invalid for non-payment of the premium, you may infer that the defendant company, or its agents, C. A. Vananden & Co., had in fact received the premium, or waived the payment of the same, unless there be satisfactory proof to the contrary.

If the premium was paid to one who by the terms of the policy was not authorized to receive it, and the defendant company, or its duly authorized agent, afterwards received such payment, it would be a sufficient payment, without regard to the method or channel through which such payment reached the company or its authorized agent.

If the company, or its duly authorized agent, never in fact received such payment, and the company after the delivery of the policy and before the fire, without objection or qualification, treated the policy as a contract binding upon it, this would be equivalent to an adoption or ratification of the contract of insurance and would be sufficient.

If a company makes a policy, complete in form, and sends it out for delivery to the insured, and after such delivery and before a loss by fire, treats the policy as a valid and binding contract, these are facts from which may be inferred, in the absence of satisfactory proof to the contrary, the payment of the premium to the

company or its duly authorized agent, or a waiver of such payment.

This statement of the law upon this point is fully sustained by the case of *Weisman et al. vs. Fire Insurance Company, 3 Pennewill, 224,* tried in this Court about two years ago. As a general rule, the payment of a debt by a note, if accepted as such, is a good payment.

In *Joyce on Insurance, Vol. 1, Sec. 73,* it is said:

" Where a policy is delivered to an agent with authority to deliver it to the insured and receive the premium, and the agent delivers the policy and accepts a note for the premium, and discounts it on his own account, but does not pay the amount to the principal, the company is liable, although the policy provides that such agent shall be deemed the agent of the insured, and that the insurer shall not be liable until he actually receives the premium."

You are the sole judges of the evidence, and if in the statement of it by the Court for the purpose of presenting to you the issues to be determined by you, there is any error or omission, you should not rely upon such statement, but be governed solely by the evidence as it was delivered to you in the course of the trial.

If you find a verdict for the plaintiff, it should be for the value of the property destroyed, not exceeding $900 for the first class of property described in the policy, and $100 for the second class of property so described, and not exceeding $1,000 for the whole, with interest thereon from a date ninety days after the delivery of the preliminary proofs of loss to the defendant compay.

Verdict for plaintiff for $1,069.62.