## ROYAL INS. CO., Limited, v. EGGLESTON.
### (6 Div. 374.)

(Court of Appeals of Alabama. April 22, 1924.)

**1. Appeal and error ⬅1040(7)—Sustaining of demurrers not ground for reversal where matters available under other pleas.**

Sustaining of demurrers to certain pleas was not ground for reversal where the matters of defense alleged therein were available under other pleas to which demurrers were overruled.

**2. Insurance ⬅137(1)—Payment or agreement to pay premium condition precedent to insurer's liability.**

Payment or agreement to pay premium by insured is condition precedent to, or at least concurrent with, insurer's assumption of liability; the presentation of policy being mere evidence of willingness to enter into contract on payment of premium.

**3. Insurance ⬅646(4)—Plaintiff, suing on fire policy, had burden of proving payment or agreement to pay premium.**

In action on fire policy, plaintiff had burden of proving payment or agreement to pay premium.

**4. Appeal and error ⬅1040(6)—Plea of want of consideration for policy held immaterial.**

In action on fire policy, plea that policy was without consideration *held* immaterial, since plaintiff had burden of proving payment or agreement to pay premium.

**5. Insurance ⬅397—Facts held to constitute waiver of breach of policy in procuring other insurance.**

Insurer, by entering into adjustment of loss on policy with insured's trustee in bankruptcy with knowledge of other policy procured on same property, causing trustee to incur trouble and expense, recognizes validity of policy, and waives breach by reason of other insurance.

**6. Insurance ⬅378(3)—General agent's notice of forfeiture imputable to insurer.**

General agent's notice of forfeiture would be imputable to insurer.

**7. Insurance ⬅378(3) — Notice to general agent's employee of forfeiture held not to bind insurer.**

General agent's clerk who had authority to fill out insurance policies, and who sometimes issued policies, signing name of president or general agent, but who did not have authority to make contracts of insurance without such president's approval, was not insurer's agent,

and notice to her of forfeiture did not bind insurer.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action on a policy of fire insurance by R. H. Eggleston, as trustee of W. L. King, bankrupt, for use of such trustee, and the Walker Buick Company, against the Royal Insurance Company, Limited. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Plea 11 is as follows:

"Defendant says that the policy of insurance made the basis of this suit is wholly without consideration."

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

Excess or over insurance, if prohibited by the terms of the policy, invalidates the policy. Insurance Co. v. Copeland, 90 Ala. 386, 8 South.'48; Phœnix Ins. Co. v. Copeland, 86 Ala. 557, 6 South. 143, 4 L. R. A. 848; Traders' Ins. Co. v. Letcher, 143 Ala. 400, 39 South. 271; Ins. Co. of N. A. v. Williams, 200 Ala. 681, 77 South. 161. Plea 11 is a good plea of no consideration. Giles v. Williams, 3 Ala. 316, 37 Am. Dec. 692; Kolsky v. Enslen, 103 Ala. 97, 15 South. 558. Notice to the company must be received by an agent while in and about the principal's business, and the burden is on the plaintiff to establish agency. Queens Ins. Co. v. Young, 86 Ala. 431, 5 South. 116, 11 Am. St. Rep. 51; Hill v. Helton, 80 Ala. 528, 1 South. 340; Central of Georgia v. Joseph, 125 Ala. 319, 28 South. 35; Morris v. First National Bank, 162 Ala. 301, 50 South. 137; National Life Ins. Co. v. Jackson, 18 Ala. App. 347, 92 South. 201; Knights of Macabees v. Gillespie, 14 Ala. App. 498, 71 South. 67. A clerk of an agent, though in the service of the defendant's agent, cannot bind the defendant by either express or implied waiver of a forfeiture. Waldman v. N. B. M. Ins. Co., 91 Ala. 170, 8 South. 666, 24 Am. St. Rep. 883; Springfield Fire Ins. Co. v. De Jarnett, 111 Ala. 262, 19 South. 995; Hanover Fire Ins. Co. v. Wood, 209 Ala. 380, 96 South. 253. There can be no such thing as a waiver by an insurance company of a ground of forfeiture till the company knows that such ground exists. Security Ins. Co. v. Laird, 182 Ala. 125, 62 South. 182; So. States F. Co. v. Kronenberg, 199 Ala. 164, 74 South. 63.

R. Du Pont Thompson and Beddow & Oberdorfer, all of Birmingham, for appellee.

No brief reached the Reporter.

SAMFORD, J. The complaint as amended was in two counts, claiming in the first count the value of an automobile insured by de-

fendant against loss from fire, and in the second count for the penalty of 25 per cent. under the statute, by reason of defendant's membership in the S. E. Tariff Association. The complaint was demurred to, and demurrer was overruled, but as to this there is no assignment of error.

[1] Answering the complaint defendant filed 12 pleas, to all of which demurrers were filed, except as to the plea of general issue. The court sustained demurrers to pleas 3, 6, 7, and 11, and this action of the court is first assigned as error. Pleas 3, 6, and 7, being similar, may be considered together, and as to these pleas it is sufficient to say that the matters of defense alleged therein were available to the defendant under other pleas to which demurrers were overruled.

[2-4] The complaint alleged a contract of insurance binding on the defendant. The payment or agreement to pay the premium by the insured is a condition precedent to, or at least concurrent with, the assuming of any liability by an insurance company. The making of a policy of insurance on presentation thereof is simply evidence of a willingness to enter into a contract of insurance on the payment of the premium, and not of a contract of insurance. Hence, as is said by Mr. Cooley in his Briefs on the Law of Ins. vol. 1, p. 462:

"It may be stated as a general proposition that the payment of an advance premium is necessary to the consummation of an insurance contract, unless some other provision is made therefor."

See Roberts v. Ætna L. Ins. Co., 101 Ill. App. 313; Mauck v. M. & M. Fire Ins. Co., 4 Pen. (Del.) 325, 54 Atl. 952; St. Louis Mut. L. Ins. Co. v. Kennedy, 6 Bush (Ky.) 450; Com. v. Wetherbee, 105 Mass. 149; Supreme Commandery v. Ainsworth, 71 Ala. 436, 46 Am. Rep. 332. From the foregoing it will be seen that plea 11 was entirely immaterial. The burden of proving the condition precedent rested upon the plaintiff. In that respect this case differs from Kolsky v. Enslen, 103 Ala. 97, 15 South. 558.

[5] After the loss had occurred as claimed in the complaint, if the defendant, with knowledge that the policy issued by the Atlas Insurance Company, Limited, of London, had been issued as alleged in defendant's plea 8 and on the same property described in the policy sued on, and with such knowledge entered into an adjustment with the plaintiff of the loss under this policy, and caused the plaintiff to incur trouble and expense, and did there and then recognize the policy sued on as being binding and valid, such action on its part would be a waiver of the breach alleged in plea 8 and would be an answer to said plea. The foregoing is in effect the allegations of plaintiff's replication 5, to which

demurrer was overruled. In this ruling the trial court did not err. Georgia Home Ins. Co. v. Allen, 128 Ala. 451, 30 South. 537; Ins. of N. A. v. Williams, 200 Ala. 681, 77 South. 159; 3 Cooley's Brief, p. 2739 P. (6).

Plaintiff's replication 11 was an immaterial replication, being only a denial of a fact pleaded by the defendant. Plea 8, which was allowed to the defendant by the court, alleges:

"At the time the loss occurred there was other insurance covering such loss which would have attached if this insurance had not been effected, to wit," etc.

The replication simply denies this, and amounts to the general issue on that plea.

[6, 7] After all is said, the plaintiff's right to recover turns upon the authority of Miss Craig, a clerk in the office of the Jasper Insurance Company, to bind the defendant by a waiver of the forfeiture clauses in the policy of insurance, it being admittedly a fact that these forfeitures existed unless with knowledge they were waived, and it further appears from this record that this waiver could not become effective in the absence of authority on the part of Miss Craig to bind the company. It is further without dispute that Miss Craig was never directly employed by defendant, and had no connection therewith, except as an employé of the Jasper Insurance Company. The Jasper Insurance Company was a corporation doing an agency insurance business in Jasper, Ala., and its vicinity, and was the general agent of defendant in that vicinity for the purpose of making contracts of insurance of the kind here involved. If, therefore, notice of the forfeitures came to the Jasper Insurance Company, such notice would be imputable to this defendant. The Jasper Insurance Company transacted its business through R. A. Cain, its president. For this purpose, and to aid him, he employed Miss Craig as a clerk in respect to the business of the agency. In that capacity she was to do mere clerical work; she had authority to fill out insurance policies, and sometimes she issued policies, signing Cain's name thereto with a stamp, and to do other things usual for an office clerk, but the defendant knew of none of these things. She did not have authority to make contracts of insurance without the approval of Cain. This she never did. From the facts as presented we are bound to conclude that "Miss Craig was in no sense the agent of defendant, nor authorized to bind it in any degree, nor was it affected by the alleged notice to her of the forfeitures." Waldman v. N. B. & M. Ins. Co., 91 Ala. 170, 8 South. 666, 24 Am. St. Rep. 883; Nat. Park Bank v. L. & N. R. R. Co., 199 Ala. 192, 74 South. 69; So. States Fire Ins. Co. v. Kronenberg, 199 Ala. 164–170, 74 South. 63; Hanover Fire Ins. Co. v. Wood, 209 Ala. 380–384, 96 South. 250. Without

evidence tending to prove that Miss Craig had authority to bind the defendant or evidence tending to prove that Miss Craig had given the information regarding the forfeitures to the agent of defendant, the general charge should have been given in defendant's behalf as requested.

The fact that Miss Craig was the employé of the Jasper Insurance Company who took the application for the insurance and her close association with Cain, its president, might furnish grounds for surmises, but does not rise to the dignity of evidence upon which to base a legal inference.

The appellee files no brief. For the error pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.