## JEFFERSON MOTORS CO. v. WILLIAMS.

### 6 Div. 141.

Supreme Court of Alabama.

Oct. 5, 1933.

Rehearing Denied Nov. 2, 1933.

Ewing, Trawick & Clark and Vassar L. Allen, all of Birmingham, for appellee.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

BOULDIN, Justice.

Jefferson Motors Company brought this action in assumpsit against Mrs. Livie D. Williams to recover $1,309, alleged to be due for an automobile sold by plaintiff to defendant.

Mrs. Williams, by signed written order, accepted by plaintiff's manager, purchased a Hupmobile, turning in her Dodge car in part payment. Terms were cash. She gave a check for above balance, signed: "W. W. Williams, by Mrs. Williams." On the following day Mr. and Mrs. Williams brought back the Hupmobile, offered to return same, and demanded the surrender of the Dodge automobile. This being refused, Mr. Williams stopped payment of the check, and Mrs. Williams brought suit for the conversion of the Dodge car. That suit coming on for trial, judgment went for defendant, the present plaintiff.

Certain counts in the present complaint set up the judgment in that suit as res adjudicata of the purchase of the Hupmobile, and of the original obligation to pay this balance now sued for. The evidence on the former trial was introduced on the trial of this cause. The controlling issue of fact in the former suit was the contention of Mrs. Williams that the purchase was merely tentative, conditioned on the approval of her husband. The trial court sustained the counts mentioned, and the evidence fully disclosed that the issue of an unconditional purchase of the Hupmobile as above outlined was fully tried and adjudicated on the former suit.

On the present appeal the controlling inquiry is whether plaintiff was due the affirmative charge.

That inquiry turns on whether the check was given and received in absolute and unconditional payment of the original obligation. Briefs of counsel are directed to this question.

■ Certain counts were added claiming on the check. Suffice to say, evidence to the effect that this was the husband's check, drawn by the wife with authority so to do, and who had no hand in stopping payment thereof, negatives any cause of action against Mrs. Williams on the check. Such action would run against the husband, or his personal representative since his death.

The evidence relied upon to make an issue for the jury touching payment of the original demand with this check (to quote from brief of appellee's counsel) was: "Well, I said I did not have any money, that I did not have any money; and Mr. Kidd asked me, 'Hasn't your husband got money in both banks?', and I said, 'Well, I had a housekeeping checking account at the Birmingham Trust & Savings,' that my husband was a traveling man, he was away and that I had to have a few funds, and he said that was the kind of check for me to give. I said then it would be Mr. Williams' check, * * * and they said that was all right, they would accept the check, Mr. Kidd that he would accept the check. * * * He himself made out the check. * * * Mr. Kidd accepted the check at that time and place."

In the same connection Mrs. Williams further testified: "The account was in Mr. Williams' name, and I had authority to sign his name by me as his agent. * * * What I did was sign this check, which I had authority to do, and explained that to Mr. Kidd. Mr. Kidd accepted the check at that time and place."

The signed order for the car contained the following in print:

"Cash Deposit Today..........$———
"Cash on Delivery...........$———."

The latter blank was filled in at the time, "$1,309.00."

At the bottom, below the signature of the purchaser and above the signature of the seller, was a printed blank, saying: "Receipt of $——— Deposit on this order under above conditions is hereby acknowledged." This blank was filled in, "$1,309.00."

That this was not a conditional deposit in the sense of an advance deposit, awaiting further action to close the transaction, appears from the whole instrument, and was so adjudicated in the former suit.

Plaintiff's manager also indorsed on the order at the time: "Paid in full by *check*."

■ A check given in payment for a cash purchase of this character, whether drawn by the purchaser on his or her own account, or on the account of another, is, in the absence of other agreement, a conditional payment only, to become effective as a satisfaction of the original demand, when and if the check is cashed. This convenient means of transacting business, employed in millions of instances every day, has a well-defined import in law. The burden is upon the party claiming the check was given and accepted as absolute payment and satisfaction of the original demand to prove an agreement to that effect. A receipt "paid by check" does not evidence such agreement. It merely imports the kind of payment usual to such transaction, conditional payment. Nor does the acceptance of such check, whether directly expressed, or implied from the fact of acceptance, import anything more than such conditional payment. Ross v. State Life Ins. Co., 225 Ala. 410, 143 So. 827; Glenn v. City of Birmingham, 223 Ala. 501, 137 So. 292; Wadsworth v. State, 225 Ala. 118, 142 So. 529; National Surety Co. v. First Nat. Bank of Wetumpka, 224 Ala. 423, 140 So. 544; Stanley v. Green, Supt. of Banks, 205 Ala. 225, 87 So. 356; Bibb v. Snodgrass, 97 Ala. 459, 11 So. 880; McWilliams v. Phillips, 71 Ala. 80; Watt v. Gans & Co., 114 Ala. 264, 21 So. 1011, 62 Am. St. Rep. 99; 21 R. C. L. p. 60; (a) 48 C. J. pp. 703, 704, §§ 218, 219.

■ An agreement that a check shall operate as absolute payment may, as of course, be proven as other contracts, either by an express agreement, or an agreement implied from all the circumstances of the transaction. Manser v. Sims, 157 Ala. 169, 47 So. 270; Western Ry. of Ala. v. Foshee, 183 Ala. 182, 62 So. 500; Keel v. Larkin, 72 Ala. 493; Day v. Thompson, 65 Ala. 269.

■ If there be evidence of such agreement, express or implied, an issue is made for the jury. But when there is an entire want of evidence that the parties had in mind an absolute satisfaction of the demand, whether check be cashed or not, and notwithstanding the drawer of a check is free to stop payment by his bank, the affirmative charge is due to that effect.

We find nothing in the writings, nor in the testimony of witnesses, tending to show any agreement that this check be accepted as absolute payment for the car.

■ Certain evidence tended to show the sale itself was conditioned upon Mr. Williams' approval of the transaction. But this matter was concluded by the former suit.

Apart from this, the evidence does no more than show why the check was drawn on his account, and accepted in that form on assurance of Mrs. Williams' authority to so draw. Nothing shows any intent to accept such check other than as payment by check with the same

incidents as if Mrs. Williams had given her own check. As heretofore stated, acceptance and giving receipt showing "payment in full by check" is evidence of conditional payment merely. Authorities supra.

We conclude plaintiff was due the affirmative charge.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, and FOSTER, JJ., concur.