174 So. 638

QUEEN INS. CO. OF AMERICA v. BETHEL CHAPEL.

6 Div. 992.

Court of Appeals of Alabama.

Feb. 16, 1937.

Rehearing Denied April 6, 1937.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

Murphy, Hanna, Woodall & Lindbergh and Wm. H. Ellis, all of Birmingham, for appellee.

SAMFORD, Judge.

As has been decided in this state, a verbal contract of insurance is valid and when complete will be enforced according to its terms. As was said by our Supreme Court: "The rate of premium, duration of the policy, nature of the risk, the property, and location of same, as well as the amount of insurance must be agreed upon." Globe & Rutgers Fire Ins. Co. v. Eureka Sawmill Co., 227 Ala. 667, 151 So. 827, 829. It was also held in the case just cited, supra, that the plaintiff must allege and prove a consideration for the contract. Liverpool & L. & G. Ins. Co., Ltd., v. McCree, 210 Ala. 559, 98 So. 880.

As we read the opinion in Globe & Rutgers Fire Ins. Co. v. Eureka Sawmill Co., supra, count A of the complaint is sufficient to state plaintiff's cause of action. The terms of the policy were specifically alleged to be that of a similar policy contract between the same parties expiring July 5, 1934; the rate of the premium was named, the duration of the term, the nature of the risk, the property

insured, and its location and the amount of the insurance, together with a consideration to be paid by plaintiff of $11, which said $11 premium was to be paid within one year. The demurrer to count A was properly overruled.

■ It is insisted by appellant that there was no definite time fixed for the payment of the premium of $11. We do not so read the allegation in the complaint. The obligation of plaintiff was to pay the premium of $11 within the year and to this extent credit was extended plaintiff. That the amount was to be paid in installments during the year, in accordance with a custom long existing between the parties, did not render the time of payment so uncertain as to render the transaction void. Certain it is, if the contract had continued for the year, defendant could have recovered the premium by suit and if for any reason the plaintiff failed to live up to the custom of partial payments the defendant, under the contract, could on five days' notice cancel the policy.

Appellant's counsel seems to misconceive the effect of the allegation in the complaint relative to the making of the contract. The allegations make a completed contract between the plaintiff and defendant's agent and an extension of credit for the premium not to exceed one year. The fact that the $11 was to be paid during the year at indefinite times in amounts according to a custom of dealing between the parties does not render the final due date indefinite or the contract void. If this suit was by the defendant to recover installments due on the $11, the case of City Mortgage & Discount Co. v. Palatine Ins. Co., Ltd., 226 Ala. 179, 145 So. 490, would have been in point, but is not in this case. Other cases cited by appellant may be as easily differentiated.

If the contract sued on was in fact made by the defendant, acting at the time through its duly authorized agent, action for loss or damage under the policy will be against the company. 32 Corpus Juris 1144 (252) 2.

■ Appellant further insists that the complaint is demurrable in that it fails to allege a payment or offer to pay the premium. As authority for this contention, appellant quotes an excerpt from the text of Corpus Juris, 26 C.J. 60, as follows: "Where an action is brought for breach of an oral contract to insure, plaintiff must allege and prove payment or tender of the premium before he can recover." That rule applies where there is no agreement, either expressed or implied, to extend credit as to the payment of premium. The contract of fire insurance, either verbal or written, binds insurer without actual payment of the premium in advance where there is expressed or implied agreement to extend credit to insured. 26 Corpus Juris 61 (55) b.

■ It is, also, the law declared in many courts of last resort that: "A general agent who has power to countersign and deliver policies, and who is responsible to the company for the premiums and their collections on all policies issued by him, binds the company by an agreement to extend credit to the insured." 26 Corpus Juris 61 (56) 2, note 25. In Royal Ins. Co. v. Eggleston, 19 Ala.App. 638, 99 So. 828, this court held: "The payment or agreement to pay the premium by the insured is a condition precedent to, or at least concurrent with, the assuming of any liability by an insurance company." Such we still hold to be the law.

■ The action on a verbal contract of insurance, if the same was made by a general agent of the company, is properly brought against the company, and not the company agent. An agreement to insure may be brought against the agent. Sun Ins. Office of London v. Mitchell, 186 Ala. 420, 65 So. 143.

■ The action is properly brought in the name of the plaintiff. Code 1923, §§ 7015, 7169.

■ Where there is evidence which if believed authorizes a verdict for plaintiff, the court properly refused affirmative instructions to find for defendant. Such is the case at bar. There was evidence on the part of the plaintiff, not only as to the making of the contract, but as to partial payments of the premium. This evidence was denied and contradicted by defendant's witnesses, but the issue was for the jury. Union Central L. Ins. Co. v. Guffin, 232 Ala. 254, 167 So. 321. Other rulings of the court, if error, did not affect the substantial rights of defendant and in view of what has been said the trial court properly overruled the motion for a new trial.

The judgment is affirmed.

Affirmed.