295 So.2d 289 (1974)
George J. SATTLER and Arthur H. Rude, Appellants,
v.
Reubin O'd. ASKEW, Etc., et al., Appellees (Two Cases).
Nos. 44110, 44217.
Supreme Court of Florida.
May 1, 1974.
Rehearing Denied June 20, 1974.
Charles Lavon Ward, Fort Lauderdale, for appellants.
Geoffrey B. Dobson and Betty Owen Stinson, Tallahassee, for appellees.
Rehearing Denied June 20, 1974 in No. 44110.
CARLTON (Retired), Justice:
This is an appeal from an order of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, which granted a motion to dismiss the class action complaint filed by appellants. This order ruled upon appellants' allegations that Florida Statutes, Sections 206.41(4)(a), 335.04, and 339.08, F.S.A. established an unconstitutional system for the statewide distribution of primary road funds and that this system was being unconstitutionally applied to the residents of Broward County; our jurisdiction therefore *290 vests pursuant to Article V, Section 3(b)(1), Florida Constitution.
The complaint alleged that the method, established by the cited statutes and administered by the appellees, of expenditure of State funds for the construction and maintenance of the State's primary road and State Park road system violated the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 2, of the Florida Constitution, F.S.A. Specifically, the complaint alleged that Broward County residents were unconstitutionally discriminated against because, although the county is the second largest in the State in population and gasoline consumption, it ranks sixty-sixth out of the sixty-seven counties in miles of State highway per registered vehicle, sixty-first in miles of State road per square mile of area, sixty-sixth in miles of State road per person, and fifty-seventh in per capita construction expenditure.
The appellees filed a motion to dismiss the complaint, one ground therefor being that the complaint failed to state a cause of action. In granting the motion to dismiss, the trial court held:
"One needs only to motor throughout the State of Florida to realize that Broward County does not receive an equitable portion of primary road funds. The failure to equitably apportion primary road funds however does not give rise to an attack on the constitutionality of legislation or its application. The legislation under attack in this cause charges the Department of Transportation, among other things, with paying the cost of construction of the primary road and State park road system, including amounts necessary to match federal aid funds for such purposes. All of the statutes look toward construction and maintenance of a highway system throughout the State, open to the use of all people of the State, and to all others having occasion to use the roads. All funds, from whatever source, are incorporated into an integral road system rendering each road more valuable than it would otherwise be if it were to stand alone. The State, through its legislative body, has the power to levy taxes for a recognized public purpose and to expend the monies received from such levy in a manner that will accomplish that purpose. That manner is to be determined by legislative judgment which in the instant case has been properly delegated to the Department of Transportation.
"In order to provide for an integral primary road system serving the whole State of Florida the legislature must have the prerogative to utilize its judgment in the allocation and distribution of funds collected through the State's power to levy taxes. Assuming all of the allegations within the Plaintiffs' Complaint to be true it cannot be said that the legislative acts involved, or their application, are unconstitutional and violative of the equal protection clause or the due process clause."
We are in agreement with the trial court that, although the expenditure of primary road funds within Broward County may be disproportionate, based upon area, population, number of registered vehicles, road needs, or any other criterion, the complaint, nevertheless, did not state a cause of action. We reach this conclusion because we perceive no constitutional or statutory right to a proportional expenditure of such funds, on any criteria, which is thereby being infringed.
After examining the relevant statutory provisions, we agree with the trial court that the State's primary road system was not designed to create separate road systems within each county for the sole use, enjoyment, and benefit of the county's residents. Rather, it is the intent of the statutes to establish a safe and efficient statewide system of primary roads for the use, benefit, and enjoyment of all of the State's citizens, wherever they reside and wherever they may travel within the State. *291 A greater per capita expenditure of road funds in Florida's northern counties, for example, directly benefits the residents of the southern counties, not only because these roads are equally available to the southern county residents for their use, but also because they are necessary to encourage the tourist industry so vital to South Florida.
Therefore, since we are of the opinion that the expenditure of primary road funds anywhere in the State equally benefits all State residents, wherever they are situated, and since we do not believe that counties  or their residents  have any right to have a particular proportion of these funds expended within their borders, we conclude that neither the system itself nor its application violates in any way the equal protection clause of the Fourteenth Amendment. The order of the trial court dismissing the complaint is affirmed.
It is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN and BOYD, JJ., concur.
ERVIN, J., concurring specially with opinion.
BOYD, J., concurring specially with opinion.
McCAIN, J., dissents with opinion.
DEKLE, J., dissents and concurs with McCAIN, J.
ERVIN, Justice (specially concurring):
I concur in the decision to affirm under the facts Appellants plead in this case. However, I am not sure that a justiciable case cannot be made of malappropriation of state road funds by a political subdivision of the state  particularly a densely populated one if it can plead and prove it has been systematically and designedly discriminated against by an unfair and unequal distribution of state road funds to other political subdivisions over a period of years. To carry the burden of such a showing of course would be a most difficult one, but it may not be ineluctable. If it could show, e.g., that its state road fund distributions for local road purposes and needs as distinguished from through route allocation of state road funds essential to the linkage of the complaining political area to the remainder of the state and the nation (i.e., allocation of road funds for local road needs, municipal and rural) were systematically and disproportionately lower than allocations for such local road purposes and needs in other similarly populated subdivisions of the state, a case conceivably might be made  at least to the point of requiring reasonable justification or explanation of the apparent discrimination from the state road authorities. It is noted that the Department of Transportation and its predecessor, the State Road Department, for many years past without material intervention of the Legislature has had delegated to them by statute the authority to make up annual budgets for the allocation and expenditure of general state road funds (certain gasoline tax funds as well as the primary determination of the allocation in the state of federal aid road funds).
If the complaining political subdivision or citizen taxpayers thereof could clearly and convincingly demonstrate to the courts a systematic discrimination by the state road authorities in the allocation of road funds for its local road needs  a disproportionate allocation designedly intended over a period of years to arbitrarily favor other similar political areas as to their local road and bridge funds needs (as distinguished from the road system needs of the state as a whole for a coordinated through-route state system)  to the disadvantage of the complaining area, a case would be made.
Recent civil rights cases in the governmental or political spheres, i.e., those relating to legislative reapportionment, school desegregation, restriction on state-imposed *292 voting qualifications, etc., would seem to support the possibility of a case of the nature indicated, assuming there is demonstrated a factual basis therefor. Cf. Rodriguez v. San Antonio Independent School District, 410 U.S. 752, 93 S.Ct. 1245, 36 L.Ed.2d 1 (1973); Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1885); Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964); Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497, and Amos v. Mathews (1930), 99 Fla. 1, 65, 115, 126 So. 308, text 331, 347. In Amos v. Mathews it was held that a gasoline tax funds distribution plan for road purposes that was unequal and arbitrary among the several counties was unconstitutional.
BOYD, Justice (concurring specially).
I respectfully concur. The constitutional requirement of separation of powers requires that courts restrain the exercise of jurisdiction into the legislative and executive branches of government, except in those instances where there has been a clear and substantial deprivation of the rights of citizens or violation of the Constitution or statutes. In the factual situation before this Court, the unfairness complained of is not sufficient to authorize the exercise of the judicial process.
McCAIN, Justice (dissenting):
I must respectfully dissent for the reasons hereinafter set forth and because the majority opinion is so patently deficient in its own language as to refute a reversal.
The majority correctly opines that the purpose and intent of the statutes under review is to "establish a safe and efficient statewide system of primary roads for the use, benefit, and enjoyment of all of the State's citizens, wherever they reside and wherever they may travel within the State."
Nevertheless, the majority concludes in part, as follows:
"... We do not believe that counties ... or their residents ... have any right to have a particular proportion of those funds expended within their borders... ."
... .
"... We perceive no constitutional or statutory right to a proportional expenditure of such funds, on any criteria... ."
Notwithstanding, the majority states and acknowledges:
"We are in agreement with the trial court that, although the expenditure of primary road funds within Broward County may be disproportionate, based upon area, population, number of registered vehicles, road needs, or any other criteria, the complaint, nevertheless, did not state a cause of action." (Italics supplied in this instance.)
Even cursory review of the majority's position reveals the admission that the primary road fund is to provide a safe and efficient statewide system of primary roads. The majority concedes the road needs in Broward County but denies appellants' access to the courts to establish an inequitable distribution of the funds  apparently based upon the conclusion that the appellants have no right to contest such.
Under such a theory, the overwhelming number of our Florida citizens and Counties appertaining (concerning allocation and/or distribution of the primary road funds) can only seek solace in young children, old dogs and watermelon wine.
To me this is not only unjust but commonly rejected in any case where a valid attack on statutory law is being made in light of its unconstitutionality, as applied. Interestingly, no authorities are cited in support of the majority view.
Now let us turn directly to the issue before us for review.
The appellants filed a complaint alleging the application of Sections 206.41(4)(a), *293 339.08 and 335.04, Florida Statutes, F.S.A., in a manner which is violative of the equal protection provisions of the United States and Florida Constitutions.[1] This was not a vel non attack on the constitutionality of the cited statutes. The action was brought as a class action on behalf of all residents of Broward County similarly situated.
It was contended that the defendants, Reubin O'D. Askew, as Chief Executive (Art. IV, § 1, Fla. Const., F.S.A.), the Department of Transportation, as Custodian of the State Highway System, Walter L. Revell, as Secretary of Transportation and R. Arnold Ramos, as District Engineer for the 4th Road District, were responsible for the disbursement of funds earmarked for the State's primary road system in such a way as to promote a safe and efficient highway transportation system. The plaintiffs further contended that the defendants had disbursed these funds in such a way as to not meet their responsibility in Broward County. This they contend constituted a denial of equal protection of the law. The plaintiffs seek to have the defendants restrained and enjoined from giving any force or effect to the statutes and ask that any available funds from the gas tax be allocated so as not to violate equal protection.
The defendants filed a motion to dismiss and in the court's order granting the motion, the court found:
"... The failure to equitably apportion primary road funds however does not give rise to an attack on the constitutionality of legislation or its application ... That manner (of distribution) is to be determined by legislative judgment which in the instant case has been properly delegated to the-Department of Transportation.
"... Assuming all of the allegations within the Plaintiff's Complaint to be true it cannot be said that the legislative acts involved, or their application, are unconstitutional and violative of the equal protection clause or the due process clause."
This appeal is bottomed solely upon the sufficiency of the complaint and whether the trial court erred in dismissing the complaint with prejudice for failing to state a cause of action.
The defendants and the trial court rely upon Jefferson County v. Hard, 227 Ala. 432, 149 So. 81 (1933). In the Jefferson County case, the county sought to have the amount of certain excise taxes which were collected and paid into the state treasury by distributors and dealers in gasoline and other motor fuels in Jefferson County, Alabama, be spent for the construction and maintenance of highways and bridges in the county. Under the then prevailing Alabama statute, (Gen. Acts 1931, p. 458) the funds in question were derived from levies of gallonage taxes on gasoline and other motor fuels sold and distributed monthly to the several counties in equal amounts. The statute in question then not only authorized the disbursement of funds but specially specified the proportional breakdown of funds to each county. The court then had the distribution plan plainly before it when determining the equal protection argument.
"What we have written is not to be taken as an expression of opinion that the present system of distribution of this fund in equal parts to each of the sixty-seven counties, without regard to area, population, or road needs, is the most equitable that could be devised; ... What we do hold is that these are matters of legislative judgment and discretion; and the legislation before us is not so arbitrary, unjust, or capricious as to be violative of constitutional guaranties." Id. at 83.
*294 Our statutes under review do not specify what proportion each county is to receive; that matter is left within the discretion of the Department of Transportation. Fla. Stat. § 339.08, F.S.A. The Jefferson County case is then clearly distinguishable, for there the court could rule on the constitutionality of the allocation formula without resort to an evidentiary hearing, while in this case, the statutes can be constitutional on their face and still allow an application which would be violative of equal protection.
"... Though the law itself be fair on its face, and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unjust hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution."[2]
The trial court herein admits that:
"One needs only to motor throughout the State of Florida to realize that Broward County does not receive an equitable portion of primary road funds ...."
This may or may not be an abuse of discretion in the allocation of funds to Broward County, however from the statutes and pleading I cannot make this determination. It is clear, however, that both the trial judge and the majority concedes a road need in Broward County. Accordingly, the complaint in my opinion does state a cause of action. Therefore this cause should be reversed and remanded with directions to proceed with a hearing on the merits.
DEKLE, J., concurs.
NOTES
[1] Fourteenth Amendment of the United States Constitution and Article I, Section 2, of the Florida Constitution, F.S.A.
[2] Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1885).