This is an appeal from a summary judgment holding that an automobile insurance policy was not in effect at the time of an accident. We affirm.
Both parties introduced evidence in the way of documents, correspondence and the like on the motion for summary judgment made by the defendant. The undisputed and relevant facts are set forth. Ms. Delma Johnson (appellant hereinafter Johnson) paid $91.00 for an initial premium of an automobile insurance policy with a check dated September 29, 1979. The period of the policy began on October 1, 1979. On October 4, 1979 Dairyland Insurance Company (appellee hereinafter Dairyland) issued its "Plain-talk" policy to its local agent who received it on October 8, 1979. The $91.00 premium check was returned to Dairyland on either October 6 or 9; the date is not clear on the back of the check. On October 11, 1979 Johnson's son, a named driver in the policy, had a collision. The next day he reported the accident to the local agent.
The "Commission Register" of Dairyland for the period ending 10/15/79 reflects two entries for Johnson. The first entry is for another policy which was "Expired" on 9/17. The second entry is for the present policy and reflects the gross premium of $91.00, with premium paid of $91.00, with commission earned of $9.10, and with a balance due agent of $9.10.
On Friday, October 19, an office memo regarding "NSF Checks" listed Johnson as one of a list of persons on the not sufficient funds list. On October 22, the following Monday, Dairyland sent Johnson a form letter styled: "Redeposited Check Not Honored," which stated in part: *Page 319 
 Your premium check . . . has been returned a second time by your bank advising it could not be honored due to insufficient funds in your account.
 The insurance application . . . clearly state[s] that if a check tendered for premium payment is not honored, no coverage is granted.
 THUS, NO INSURANCE COVERAGE HAS BEEN GRANTED TO YOU.
Also on October 22 the policy agreement (or a copy of it) was returned to the local agent and Johnson with a typed notation: "THE POLICY HAS EXPIRED DUE TO NONPAYMENT OF PREMIUM."
Based on the pleadings and exhibits, the trial court granted Dairyland's motion for summary judgment. In effect, the court ruled that there was no contract of insurance entered into between the parties. We agree.
Johnson raises one issue on appeal: whether the tendered but subsequently dishonored check for insufficient funds constitutes payment of the initial premium.
Payment of premium is generally necessary as a condition precedent to an enforceable contract of insurance. QueenInsurance Co. of America v. Bethel Church, 27 Ala. App. 443,174 So. 638, cert. denied, 234 Ala. 184, 174 So. 640 (1937); RoyalInsurance Co. v. Eggleston, 19 Ala. App. 638, 99 So. 828 (1924). As a general rule, payment by check is conditional payment only, to be effective as a satisfaction of the original demand when and if the check is cashed. Jefferson Motors Co. v.Williams, 227 Ala. 432, 150 So. 355 (1933); Ross v. State LifeInsurance Co., 225 Ala. 410, 143 So. 827 (1932).
Johnson concedes that payment of the initial premium was a condition precedent to the contract of insurance. She contends that the general rule that payment by check is conditional upon the check being cashed does not apply, but that the case is governed by an exception to the general rule to the effect that the parties may agree to make the check itself as absolute payment.
The parties may by either express agreement or an agreement implied from the circumstances consider a check as accepted as absolute payment and satisfaction of the original demand.Jefferson Motors Co., supra. The burden is on the party claiming such an agreement to prove an agreement to that effect. Jefferson Motor Co., supra.
Johnson does not contend that there was an express agreement to treat the check as absolute acceptance. Rather, she sets forth several factual factors in support of her burden to prove an implied agreement: (1) issuance of a policy declaration which was absolute and unconditional on its face; (2) attempts to collect payment of the check after original dishonor; (3) entry of the amount of the check as a cash item in the Commission Register; and (4) notifying Johnson that her policy had expired.
We hold that none of these factors standing alone or taken together furnish the evidence to establish the burden placed on Johnson to prove an implied agreement to accept the check as absolute payment.
As to the first factor, making a policy on presentation of a premium is simply evidence of a willingness to enter into a contract of insurance and not a contract of insurance. RoyalInsurance Co. v. Eggleston, supra. Moreover, the plaintalk policy clearly required "your payment of the Premium."
The second factor of attempting to cash the previously dishonored check is likewise unavailing. Johnson relies onInter-Ocean Casualty Co. v. Anderson, 245 Ala. 534,17 So.2d 766 (1944) where the question of acceptance of a check was said to be a jury question. However, in Anderson it is clear that the factual background was that of a long course of dealings where insured was lax in paying on time and the company had been accepting the checks as payment. Johnson shows no course of dealings where Dairyland can be said to have accepted the check. Rather, the undisputed evidence is to the effect that Dairyland has an apparently established consumer oriented policy *Page 320 
of attempting twice to cash the check before voiding the policy. The evidence showed Johnson on the NSF list posted on Friday, October 19, with the form letter mailed out the following Monday informing Johnson of lack of coverage.
Likewise, we find the contention that Dairyland treated the check as cash by entering the premium in the Commission Register insubstantial. At most this act reveals a bookkeeping procedure whereby Dairyland accounts for premium payments. No more weight will be given to this contention than was given to the argument in Jefferson Motors Co. v. Williams, supra, that a receipt held by the insured evidencing that the premium had been "paid by check" would be evidence that an agreement had been made to accept the check as payment of the premium.
Finally, Johnson argues that the notation "THE POLICY HAS EXPIRED DUE TO NON-PAYMENT OF PREMIUM" on the policy, dated October 22, is inconsistent with no coverage because the word "expired" was used. But, Johnson does not support this contention with any legal definition, trade usage or case law. The entire notation certainly suggests nothing more or less than that Dairyland was relying on the general principle that payment of the premium is a condition precedent to the formation of the contract of insurance.
The granting of summary judgment for Dairyland on the theory that Johnson had not complied with the condition precedent of payment of the initial premium which was required by Dairyland is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.