SHORES, Justice.
The plaintiff, Larry Coker, appeals from a judgment in a nonjury proceeding in favor of the defendant, Neil Jackson. The plaintiff had sought damages for an alleged breach of contract. We affirm.
In April 1990, Larry Coker went to B.K.’s Mobile Homes (“B.K.’s”), a mobile home dealership in Prattville, Alabama. Sandra Davis was the owner and manager of B.K.’s. Davis told Coker that her son-in-law, Neil Jackson, had a mobile home for sale. Jackson showed Coker a 1986 River Oaks mobile home, which had been reduced in price because of flood damage it had sustained in March 1990.
Jackson had previously had the legal title to the mobile home transferred to his insurance company as a result of a claim filed on the mobile home because of the flood damage. Jackson later repurchased the mobile home from the insurance company for $4,000. Larry Coker and his father, Leroy Coker, Sr., went to B.K.’s on April 23,1990, to view the mobile home. Jackson offered to sell the mobile home to Larry Coker for $10,000. After inspecting it, Leroy Coker, Sr., agreed to lend Larry Coker the $10,000 needed to purchase the mobile home.
On Monday, April 24, 1990, Larry Coker took a check in the amount of $8,000 that Coker, Sr., had given him, and deposited it in the checking account of Leroy Coker, Sr., at AmSouth Bank in Wetumpka, Alabama. Because Coker deposited it after 1:00 p.m., he received a deposit slip dated April 25, 1990. After depositing the $8,000 check, Coker took another check that Leroy Coker, Sr., had given him, in the amount of $5,000, payable to Neil Jackson, and delivered it to Jackson at B.K.’s. Coker received a receipt from Jackson dated April 24, 1990, stating that the total sale price was $10,000 — the $5,000 being a down payment, with a balance due of $5,000.
On April 25, 1990, at approximately 9:00 a.m., Jackson presented the $5,000 check to AmSouth Bank in Prattville; a bank teller, after checking the bank’s computer, told Jackson that there were insufficient funds in the account to cover the check. On April 26, 1990, Jackson wrote “void” across the face of the check and unsuccessfully attempted to contact Larry Coker by telephone. Jackson did talk with Larry Coker’s wife, and he told her that the $5,000 check was not valid and that he was going to keep the mobile home. Coker contends that if the $5,000 check had been deposited by Jackson, rather than presented for payment, it would have cleared in due course.
On May 29, 1990, Larry Coker and his father, Leroy Coker, Sr., filed a complaint in the Circuit Court of Elmore County, Alabama, alleging breach of contract against Neil Jackson. On July 17, 1990, Jackson filed an answer and raised the affirmative defenses of the Statute of Frauds and failure of consideration. On January 29, 1991, Jackson moved for a summary judgment as to plaintiff Leroy Coker, Sr.; his motion was granted without objection. On January 31, 1991, the case was tried without a jury and the court entered a judgment in favor of Jackson on all issues. Larry Coker moved for a new trial; his motion was denied on April 18, 1991. Coker appeals.
The evidence in this case was presented ore terms.
“Under the ‘ore tenus rule,’ a presumption of correctness accompanies the trial court’s judgment when it has made findings of fact based on oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence. King v. Travelers Ins. Co., 513 So.2d 1023 (Ala.1987); McCrary v. Butler, 540 So.2d 736 (Ala.1989). The trial court’s judgment in such a case will be affirmed if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment. McCrary v. Butler, supra; Jones v. Jones, 470 So.2d 1207 (Ala.1985).”
*63 Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13 (Ala.1989).
We must determine whether the trial court erred in entering the judgment for Jackson. We have carefully examined the record in this case. There was credible evidence from which the judge could have determined that a contract existed between Jackson and Larry Coker and that Larry Coker had breached that contract when he tendered to Jackson a check that the bank refused to pay. “As a general rule, payment by check is conditional payment only, to be effective as a satisfaction of the original demand when and if the check is cashed. Jefferson Motors Co. v. Williams, 227 Ala. 432, 150 So. 355 (1933); Ross v. State Life Insurance Co., 225 Ala. 410, 143 So. 827 (1932).” Johnson v. Dairyland Ins. Co., 398 So.2d 317, 318 (Ala.Civ.App.1981).
The trial court did not err in finding that Larry Coker’s tender of the check to Neil Jackson justified Jackson’s rescission of their contract. The judgment of the trial court is due to be affirmed on the authority of Alabama Code 1975, § 7-2-309; Jackie Fine Arts, Inc. v. Berkowitz, 448 So.2d 318, 321 (Ala.1984); see 77 C.J.S. Sales § 99 (1952).
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ„ concur.